*E-Filed 11/10/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGELO ANTONIO ESCALANTE, | No. C 13-0950 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| G. LEWIS, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 21) is GRANTED.[1] The petition is DISMISSED.

## DISCUSSION

**A.   Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by

---

[1] Respondent moves to dismiss on the additional grounds that (1) the Court lacks jurisdiction to hear these claims via a habeas action because a decision in petitioner's favor would not affect the legality or duration of his sentence; and (2) petitioner alleges violations of state law, which are not remediable on federal habeas review. At this time, the Court declines to dismiss on these grounds. As to (1), petitioner's validation prevents him from earning good conduct credits, a circumstance that plausibly will affect the length of his confinement. As to (2), the petition raises federal constitutional concerns.

1  unconstitutional state action was removed, if such action prevented petitioner from filing; (3)
2  the constitutional right asserted was recognized by the Supreme Court, if the right was newly
3  recognized by the Supreme Court and made retroactive to cases on collateral review; or (4)
4  the factual predicate of the claim could have been discovered through the exercise of due
5  diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari
6  from the United States Supreme Court, the AEDPA's one-year limitations period begins to
7  run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v.*
8  *Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### B.  Timeliness of the Petition

The following facts are undisputed. Petitioner is a California state prisoner serving a sentence for second degree murder. His jailors at Pelican Bay State Prison validated him as a Northern Structure gang associate on February 2, 2009, a validation that became final on November 17, 2009, when his jailors denied his last prison administrative appeal of that decision. (Mot. to Dismiss ("MTD") at 2.) Therefore, petitioner had until November 18, 2010, that is, one year from the date the validation was finalized, to file a timely federal habeas petition.[2] The instant petition was filed on February 23, 2013,[3] well after the November 18, 2010 deadline. On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations.

### 1.  Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year

---

[2]  Petitioner is not entitled to the additional 90 days granted by *Bowen*. *Bowen* extends the time for those cases in which "the judgment became final after the conclusion of <u>direct</u> review or the time passed for seeking <u>direct</u> review." 28 U.S.C. § 2244(d)(1) (emphasis added). The state supreme court's denial of his state habeas petition was not the conclusion of direct review, but rather the conclusion of collateral review, habeas petitions by definition being a method of pursuing collateral review.

[3]  Petitioner is entitled to this filing date, rather than the March 1, 2013 date listed in the docket. The Court assumes that he put the petition in the prison mail the day he signed the proof of service (February 23, 2013) and will use that as the filing date under the prisoner mailbox rule. *See* generally *Houston v. Lack*, 487 U.S. 266, 276 (1988).

1 limitations period. *See* 28 U.S.C. § 2244(d)(2).  Petitioner alleges that he is entitled to
2 statutory tolling of the federal filing deadline because he was pursuing his state court
3 remedies.  The record does not support such a conclusion.  On November 17, 2009, his
4 jailors denied his last administrative appeal.  One hundred and forty days later (April 6,
5 2010), petitioner filed his first state habeas petition, which the state superior court denied on
6 May 19, 2011.  (MTD, Ex. 3 at 43; Ex. 4 at 1.)  Two hundred and fifty-eight days later
7 (February 1, 2012), petitioner filed a petition in the state appellate court, which denied it on
8 February 15, 2012.  (*Id.*, Ex. 5.)  On May 16, 2012, he filed a petition with the state supreme
9 court, which denied it on September 19, 2012.  (Pet., Ex. 1; Ex. 25.)  One hundred and fifty-
10 seven days later (February 23, 2013), petitioner filed the instant federal petition.  This totals
11 555 untolled days (140 + 258 + 157), which is far in excess of the one-year time limit
12 AEDPA provides.  Absent equitable tolling, the petition must be dismissed.[4]

### 2. Equitable Tolling

Petitioner contends that he is entitled to 92 days of equitable tolling.  (Pl.'s Opp. to MTD ("Opp.") at 3, 6.)  His reasons justifying such entitlement are that (1) it took five to seven days for each state court denial to reach him; (2) he had to wait at various times for photocopies; and (3) his attempt to mail his petition to the state appellate court was twice unsuccessful.  (*Id.* at 3–6.)

A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be

---

[4] Petitioner asserts that he is entitled to statutory tolling for days lost when he had to wait for photocopies or when he had to wait to receive the decisions of the courts. (Opp. at 7–10.) Such considerations are perhaps relevant to whether he is entitled to equitable, not statutory, tolling. Statutory tolling applies to the time during which a properly filed application for state post-conviction or other collateral review is pending, *see* 28 U.S.C. § 2244(d)(2), not for delays in between filings.

1 appropriate.") Equitable tolling is not granted as a matter of course. In fact, it is
2 "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)
3 (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary
4 to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the
5 rule." *Id.* (citation omitted).

6     Petitioner is not entitled to equitable tolling. Simply put, he has not shown that some
7 extraordinary circumstance stood in his way. A week's delay in receiving a court decision,
8 having to wait for photocopies, and returned mail are not extraordinary circumstances. *See*
9 *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) ("[o]rdinary prison limitations on
10 [petitioner's] access to the law library and copier (quite unlike the denial altogether of access
11 to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to
12 file his petition in a timely manner."). Also, petitioner has not shown with any specificity
13 that the photocopied material was necessary to complete a proper filing.[5]

14     Furthermore, even if one found these circumstances extraordinary, and if one credited
15 petitioner's assertion that he is entitled to 92 days of equitable tolling, his petition would still
16 be untimely by well over a year (555 – 92 = 463).[6] Also, at least one of those photocopying
17 delays did not result in a delay in filing. He admits that a petition was pending in the state
18 supreme court when he made a photocopy request. (Opp. at 5.)

19     His contention regarding his attempts to mail his state appellate court petition are
20 unavailing. It was first returned for insufficient postage (Opp. at 6), which is an ordinary, not
21 an extraordinary, circumstance. He also asserts that the petition "inexplicably" was returned
22 a second time. (*Id.*) Because petitioner offers no explanation for why there was insufficient
23 postage or for the "inexplicable" return, petitioner has not met his burden to show that

---

[5] Petitioner asserts that "the brief filed in the appellate court was extremely lengthy and had to be substantially rewrit[ten] by hand." (Opp. at 8.) He does not say, however, why the brief had to be lengthy. Such lack of specificity dooms his assertion that he is entitled to the extraordinary remedy of equitable tolling.

[6] Petitioner asserts that he is entitled to the additional 90 days allowed by *Bowen*. He is not entitled to these days for the reasons stated in Footnote 1, above.

extraordinary circumstances stood in his way.[7]

His lengthy delays in filing also show a lack of diligence. His first state habeas petition was filed 140 days after the prison's decision was final. Well over 200 days passed between the superior court's denial and his filing in the state appellate court. Such large delays between filings nullify any allegation that petitioner was diligently pursuing his rights.

On such facts, the Court concludes that petitioner has not shown due diligence, nor has he shown that external circumstances stood in his way and prevented timely filing. Accordingly, he is not entitled to equitable tolling. Respondent's motion to dismiss is GRANTED.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 21) is GRANTED. Accordingly, the petition is DISMISSED. Judgment will be entered in favor of respondent.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 21, and close the file.

**IT IS SO ORDERED**.

DATED: November 7, 2014

RICHARD SEEBORG
United States District Judge

---

[7] Petitioner asserts that he is entitled to the time he spent on a prison appeal "related to ground 1 of this petition." (Opp. at 9.) He became involved in this appeal when "a prison committee refused to accept a written comment he had prepared related to gang validation." He had to collect documents and perform other work in pursuing this appeal, documents he planned to attach to one of his state habeas petitions. (*Id.*) These reasons do not support a grant of equitable tolling. His decision to pursue this appeal was a choice on petitioner's part, not an extraordinary circumstance that stood in his way.